**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

SHANNON MCDANIEL,                                       Case No. 2:22-cv-3802
     Plaintiff,                                        Marbley, J.
                                                         Litkovitz, M.J.

     vs.

DRC-DIRECTOR ANETTE
CHAMBERS-SMITH, et al.,                                  **REPORT AND**
     Defendants.                                       **RECOMMENDATION**


On October 26, 2022, Plaintiff Shannon McDaniel, through counsel, filed this action

pursuant to 42 U.S.C. § 1983 for alleged violations of his Eighth Amendment rights under the

United States Constitution. As plaintiff paid the filing fee to initiate this case, he was required to

either serve each defendant with a copy of the complaint and a summons or a notice and request

for waiver of service. *See* Fed. R. Civ. P. 4(c), (d).

On March 2, 2023, the Court ordered plaintiff to show cause why the complaint should

not be dismissed against defendants for failure of service of process. (Doc. 3). On March 20,

2023, counsel for plaintiff responded to the Court's Order stating the "complaint as well as a

waiver of service was mailed from counsel's office to all of the Defendants on March 8, 2023."

(Doc. 4). Counsel for plaintiff stated he had "reached out to the Attorney General's office and

they have stated they received the complaint and waiver for Defendant Chambers-Smith." (*Id*.).

Counsel anticipated "filing the waivers as they come into his office." (*Id*.). Based on these

representations, the Court rescinded its order to show cause on March 22, 2023, and ordered

counsel for plaintiff to file the waivers of service of process for defendants upon receipt. (Doc.

6). *See also* Fed. R. Civ. P. 4(d); S.D. Ohio Civ. R. 4.2.

Plaintiff has failed to comply with the Court's order to file waivers of service of process

for defendants upon receipt or to otherwise file any documentation on the Court's docket evidencing that all defendants have been properly served in this matter.  Counsel for defendants has acknowledged that waivers were executed for defendants Annette Chambers-Smith, Warden Josettee Okereke, Officer Donald Grimm, Officer Hanes, and unit manager Thompson.  (Doc. 14 at PAGE ID 49-50).  To date, however, the docket in this case does not reflect that defendants Lt. Causey, Officer James Hammons, Officer Thorpe, and Megan Thompson have been served with the complaint in this matter.

Proper service of process is required for this Court to obtain in personam jurisdiction over each defendant.  *O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003).  Plaintiff bears the burden of exercising due diligence in perfecting service of process and of showing that proper service has been made.  *Habib v. General Motors Corp.*, 15 F.3d 72, 74-5 (6th Cir. 1994).  *See also Byrd v. Stone*, 94 F.3d 217 (6th Cir. 1996).  In the absence of a showing of good cause justifying the failure to timely serve the complaint, the Court may either dismiss the complaint without prejudice or direct that service of process be effected within a specified time.  *See* Fed. R. Civ. P. 4(m).  Rule 4(m) provides, in pertinent part, as follows:

> Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

Fed. R. Civ. P. 4(m).

Plaintiff was previously advised by this Court of his responsibility to serve all the defendants and to file evidence of such service on the docket of the Court.  (Doc. 3).  In addition, defendants Chambers-Smith, Warden Okereke, Officer Grimms, Officer Hanes and Unit Manager Thompson have filed a motion to dismiss (Doc. 14), which again raises the issue of

2

failure of service of process on all defendants   Plaintiff's response to the motion to dismiss does

not address the service of process issue as to all defendants nor has plaintiff provided any

justification for his failure to serve the remaining defendants with process in this case.  (*See* Doc.

21).  Plaintiff has not shown good cause for his failure to serve defendants Lt. Causey, Officer

James Hammons, Officer Thorpe, and Megan Thompson in this case such that the Court should

extend the time for service.

     Accordingly, it is therefore **RECOMMENDED** that this case be **DISMISSED** as to

defendants Lt. Causey, Officer James Hammons, Officer Thorpe, and Megan Thompson, without

prejudice for failure of service.


Date:  5/23/2024

Karen L. Litkovitz
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

SHANNON MCDANIEL,                                    Case No. 2:22-cv-3802
      Plaintiff,                                      Marbley, J.
                                                     Litkovitz, M.J.

    vs.

DRC-DIRECTOR ANETTE
CHAMBERS-SMITH, et al.,
      Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of

the recommended disposition, a party may serve and file specific written objections to the

proposed findings and recommendations.   This period may be extended further by the Court on

timely motion for an extension.  Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections.  If the Report

and Recommendation is based in whole or in part upon matters occurring on the record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs.  A party may respond to another party's objections

**WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in

accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).