UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SHANNON MCDANIEL,<br>    Plaintiff, | Case No. 2:22-cv-3802<br>Marbley, J.<br>Litkovitz, M.J. |
| vs. | |
| ODRC-DIRECTOR ANNETTE<br>CHAMBERS-SMITH, et al.,<br>    Defendants. | REPORT AND<br>RECOMMENDATION |

This matter is before the Court on defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b) (Doc. 14) and plaintiff's response. (Doc. 21). The motion being fully briefed, it is ripe for disposition.

**I. Background**

Plaintiff, Shannon McDaniel, is an inmate at Toledo Correctional Institution. Acting through counsel, plaintiff filed this prisoner civil rights action against defendants pursuant to 42 U.S.C. §1983 on October 26, 2022, for violations of his rights under the Eighth Amendment to the United States Constitution due to the conditions of his confinement. (Doc. 1). Plaintiff makes two claims in his complaint against defendants. He first claims defendants deprived him of his right against cruel and unusual punishment for refusing to provide him with hygiene items or access to showers from August 31, 2020 to October 28, 2020. (*Id*. at PAGEID 11). Secondly, he claims defendants violated their duty to provide humane conditions of imprisonment. (*Id*. at PAGEID 13).

The complaint alleges that plaintiff, a former police officer in Darke County, Ohio, pled guilty, was convicted, and was sentenced to fourteen years' imprisonment on fourteen counts of felony sexual battery in violation of Ohio Revised Code § 2907.03. (*Id*. at PAGEID 3). On August 31, 2020, plaintiff was transported to the Preble County Jail to the Corrections Reception

Center in Orient, Ohio, which is the processing center for all inmates in southern Ohio. (*Id*.). Due to his prior employment as a police officer, he was placed in the protective custody unit. (*Id*.). Plaintiff alleges during the entire time he was housed at the Corrections Reception Center, he was in fear for his life, under constant torture by staff members and inmates at staff direction, and denied access to basic hygiene. (*Id*.). He asserts that staff members informed other inmates he was a former police officer incarcerated for sex offenses. (*Id*.). He further alleges he was berated daily and urged to commit suicide by staff members. (*Id*.). Plaintiff maintains he did eventually attempt suicide, but the conduct continued. (*Id*.). The additional facts alleged by plaintiff will be discussed below.

In his complaint, plaintiff names as defendants[1] Annette Chambers-Smith, Director, Ohio Department of Rehabilitation and Corrections (ODRC), Josette Okereke, Warden, Corrections Reception Center, and the following present or former officers at the Corrections Reception Center: Officer Donald Grimm, Officer Hanes, and Unit Manager Thompson. (*Id*. at PAGEID 1, 2, 4, 5). Plaintiff named each defendant in their individual and "professional" capacities.

## II. Standard of review

Defendants seek to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations as true and make reasonable inferences in favor of the non-moving party. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir.

---

[1] In a separate report and recommendation (Doc. 22), the Court has recommended the dismissal of defendants Lt. Causey, Officer James Hammons, Officer Thorpe, and Megan Thompson for failure to perfect service on them or to show good cause for extending the time for service. *See* Fed. R. Civ. P. 4(c), (d). Plaintiff also named John Doe Guards 1-10, who have not been identified nor served with process to date. Accordingly, any references to "defendants" by the Court do not include these unserved defendants.

2012) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  A complaint is insufficient "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).  Following *Twombly* and *Iqbal,* it is well settled that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (citations omitted).  Thus, under *Twombly* and *Iqbal*, "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (*Id*.).  Thus, a plaintiff must establish enough "factual enhancement" to push his "claims across the line from conceivable to plausible," *Twombly*, 550 U.S. at 570, or else face dismissal of his complaint.

**III. Analysis[2]**

    **A.  42 U.S.C. § 1983**

---

[2] Defendants make a passing reference in their brief that plaintiff failed to comply with the Prisoner Litigation Reform Act (PRLA), 42 U.S.C. § 1997e(a), for not exhausting his administrative remedies, but defendants do not further develop this argument.  (Doc. 14 at PAGEID 48).  Given the disposition of this case, it is not necessary for the Court to review exhaustion.  Nonetheless, the Court notes it is defendants who have the burden of proof as to compliance with the PLRA.  *Lamb v. Kendrick*, 52 F.4th 286, 291 (6th Cir. 2022).

To pursue a claim under 42 U.S.C. § 1983, plaintiff must identify a right secured by federal law and the deprivation of that right by a person acting under color of state law. *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). State actors "sued in their individual capacities under Section 1983 can be held liable based only on their own unconstitutional behavior." *Brickles v. Vill. of Phillipsburg, Ohio*, 524 F. Supp. 3d 775, 791 (S.D. Ohio 2021) (citing *Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012)); *see also Gibson v. Matthews,* 926 F.2d 532, 535 (6th Cir. 1991) (noting that personal liability "must be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others, either defendants or non-defendants"). Governmental defendants are not liable "under § 1983 simply because [they] employ[] a tortfeasor, nor can [they] be liable 'for an injury inflicted solely by [their] employees or agents.'" *Kovalchuk v. City of Decherd, Tennessee*, 95 F.4th 1035, 1038 (6th Cir. 2024) (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978)); *see also Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997) ("We have consistently refused to hold municipalities liable under a theory of *respondeat superior*."). "'At a minimum, a plaintiff must show that the [supervisory] official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.'" *Brickles*, 524 F. Supp. 3d at 791 (citing *Heyerman*, 680 F.3d at 647). Thus, government officials may be held liable only "'for their *own* illegal acts.'" *Kovalchuk*, 95 F.4th at 1038 (quoting *Connick v. Thompson*, 563 U.S. 51, 60, (2011)) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986)). The Court must analyze separately whether plaintiff has stated "a plausible constitutional violation by each individual defendant, and [it] cannot ascribe the acts of all Individual Defendants to each individual defendant." *Heyne v.*

4

*Metro. Nashville Pub. Sch.*, 655 F.3d 556, 564 (6th Cir. 2011) (citing *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008); *Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Educ.*, 926 F.2d 505, 512-15 (6th Cir. 1991)).

> To the extent plaintiff sues defendants in their official/"professional" capacities,
>
> the Eleventh Amendment bars a federal court from hearing damages claim against a state and its entities except where Congress has explicitly abrogated a state's immunity to suit on the face of a statute or where the state itself has consented to suit. *Edelman v. Jordan*, 415 U.S. 651 (1974). Congress did not abrogate state immunity to suit under 42 U.S.C. § 1983. *See Will v. Mich. Dept. of State Police*, 491 U.S. 58, 66-67 (1989); *Quern v. Jordan*, 440 U.S. 332, 340 (1979). Further, the State of Ohio has not waived its Eleventh Amendment immunity in the federal courts. *See Johns v. Supreme Court of Ohio*, 753 F.2d 524 (6th Cir. 1985). A suit against defendants in their official capacity would, in reality, be a way of pleading the action against the entity of which defendants are agents, i.e., the State of Ohio. *See Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 690 (1978). Thus, actions against state officials in their official capacity are included in this bar. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989). Therefore, defendants in their official capacities are immune from a suit for damages under the Eleventh Amendment. *Barker v. Goodrich*, 649 F.3d 428, 433 (6th Cir. 2011). *See also Thiokol Corp. v. Dept. of Treasury, State of Mich.*, 987 F.2d 376, 381 (6th Cir. 1993) (noting that the Eleventh Amendment "also bars suits for monetary relief against state officials sued in their official capacity").

*Gallant v. Cadogan*, No. 1:16-cv-00487, 2018 WL 3863458, at *3 (S.D. Ohio Aug. 14, 2018), *report and recommendation adopted*, 2018 WL 4523954 (S.D. Ohio Sept. 21, 2018), *aff'd,* No. 18-4005, 2019 WL 5291298 (6th Cir. Sept. 11, 2019).

### B. The Eighth Amendment

Plaintiff brings his 42 U.S.C. § 1983 claims alleging violations of the Eighth Amendment. The Eighth Amendment requires prison officials "to provide humane conditions of confinement." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). However, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir.

5

1987). Rather, "[t]he Eighth Amendment is concerned only with 'deprivations of essential food, medical care, or sanitation,' or 'other conditions intolerable for prison confinement.'" *Richmond v. Settles*, 450 F. App'x 448, 455-56 (6th Cir. 2011) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981)). Claims brought under the Eighth Amendment must satisfy both an objective and subjective component. Plaintiff must first allege objectively the unique deprivation of "the minimal civilized measure of life's necessities." *Id.* at 454 (quoting *Rhodes*, 452 U.S. at 347). He then must subjectively allege the defendant acted "wantonly," with "deliberate indifference to the plaintiff's serious needs." *Id.* at 455 (citing *Farmer*, 511 U.S. at 834).

### C. The claims against Warden Okereke and ODRC Director Chambers-Smith should be dismissed.

Defendants argue plaintiff's claims against defendants Warden Okereke and ODRC Director Chambers-Smith fail as a matter of law because they amount to no more than an attempt to hold them liable under the doctrine of respondeat superior. Under § 1983 law, it is clear this is an insufficient reason for liability of persons in supervisory roles.

Plaintiff acknowledges in his response that "[s]upervisory liability 'must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" (Doc. 21 at PAGEID 78) (citing *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). However, the only response plaintiff presents as a defense to defendants' respondeat superior arguments appears to be based on his need for discovery as to his allegation of retaliatory conduct of defendants. (Doc. 21 at PAGEID 78-79). Plaintiff states he "has provided all the information that he knows regarding [defendants'] actions as it relates to retaliation against [him]. Until discovery is complete, and the defendants have been deposed, documents produced, and interrogatories answered, it is impossible to make

6

claims regarding their actions." (*Id.*).

Before proceeding to the merits of this issue, the Court first addresses plaintiff's allegations regarding discovery. According to the Court's amended calendar order, the discovery deadline was March 1, 2024.[3] (Doc. 13). However, plaintiff states in his response to defendants' motion that he "requested until this motion to dismiss has been decided, June 1, 2024, for discovery to be complete. R. 19, Motion to extend time to complete discovery." (Doc. 21 at PAGEID 81). No such motion exists on the Court's docket, and the Court has not otherwise amended its calendar order extending the discovery deadline beyond March 1, 2024. Document 19, referenced by plaintiff, is actually plaintiff's motion for an extension of time to file his response to the present motion,[4] not a motion for an extension of the discovery deadline.[5] Accordingly, the discovery deadline has passed in this case.

Nonetheless, "[p]laintiff cannot use discovery to bridge the gap between a deficient pleading and the possibility that a claim might survive upon further investigation." *Kovalchuk*, 95 F.4th at 1041 (citing *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011)) ("[A] plaintiff may not use the discovery process to obtain the[ ] [necessary] facts after filing suit."). In other words, "plaintiff is 'not entitled to discovery' to determine whether a claim can survive past the pleading stage." *Kovalchuk*, 95 F.4th at 1041 (citing *Iqbal*, 556 U.S. at 686); *accord Estate of Barney v. PNC Bank, Nat'l Ass'n*, 714 F.3d 920, 929 (6th Cir. 2013) ("[U]nder *Iqbal*, a complaint cannot survive a motion to dismiss—and

---

[3] The original deadline for discovery was December 1, 2023. (Doc. 12).
[4] The Court notes plaintiff also filed motions for an extension of time to file his response on January 25, 2024 (Doc. 16) and on February 26, 2024. (Doc. 18). Neither of these motions include a request for an extension of the discovery deadline.
[5] While the docket sheet notation reflects Document 19 is captioned "Motion for Extension of Time to Complete Discovery," the actual motion that was filed is entitled "Motion to Extend Time to File a Response" and requests an extension of time to March 25, 2024 to file a response to defendant's motion to dismiss. (Doc. 73 at PAGEID 73).

7

plaintiffs cannot get discovery—unless the complaint shows that the defendant's wrongdoing is plausible, not just possible."); *Patterson v. Novartis Pharms. Corp.*, 451 F. App'x 495, 498 (6th Cir. 2011) ("The Supreme Court's decisions in *Twombly* and *Iqbal* do not permit a plaintiff to proceed past the pleading stage and take discovery in order to cure a defect in a complaint."). By arguing that "[u]ntil discovery is complete, and the defendants have been deposed, documents produced, and interrogatories answered, it is impossible to make claims regarding their actions," (Doc. 21 at PAGEID 79), plaintiff essentially concedes the deficiencies in his complaint.

Indeed, plaintiff's complaint is devoid of any factual allegations that either Warden Okereke or ODRC Director Chambers-Smith were personally involved, directly participated, or "condoned, encouraged, or knowingly acquiesced in the alleged misconduct." *Lumbus v. Weisbar*, 1:23-cv-196, 2024 WL 1756915, at *32 (S.D. Ohio Apr. 24, 2024) (quoting *Smith-El v. Steward*, 33 Fed. App'x. 714, 716–17, 2002 WL 193931, at *2 (6th Cir. 2002)) (citing *Taylor v. Michigan Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995)). To state an Eighth Amendment claim under §1983, plaintiff is required to plead at least some type of individual knowledge of or participation in the alleged constitutional violations on the part of Warden Okereke and ODRC Director Chambers-Smith rather than simply hope discovery will "bridge the gap between a deficient pleading and the possibility that a claim might survive upon further investigation." *Kovalchuk*, 95 F.4th at 1041.

As to Warden Okereke, plaintiff only alleges that she "was responsible for the behavior and actions of his [sic] guards and staff during the time mentioned in the complaint," and "[t]he Warden is responsible for the actions of his [sic] guards." (Doc. 1 at PAGEID 8, ¶ 32, PAGEID 15, ¶ 57). These are quintessential respondeat superior claims, and as a matter of law, they are

not plausible legal theories under § 1983. *Dillon v. Hamlin*, No. 1:23-cv-103, 2024 WL 707289, at *8 (S.D. Ohio Feb. 21, 2024) (citing *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009)). Accordingly, the Court recommends plaintiff's claims against Warden Okereke be dismissed.

Plaintiff's allegations against ODRC Director Chambers-Smith are only that she "is responsible for the hiring, training, and retention of all guards and staff at each of the prisons." (*Id*. at ¶ 33). To the extent plaintiff alleges she is liable due to her supervisory position, this likewise is an improper respondeat superior assertion. (*Id*.).

Furthermore, for claims alleging unconstitutional hiring, training and retention under the Eighth Amendment, plaintiff must plead sufficient facts supporting the conclusion "that a [governmental hiring] decision reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision." *Kovalchuk*, 95 F.4th at 1039 (citing *Brown*, 520 U.S. at 411). "[A]mbiguous allegations, which merely allude to negligent hiring by [a governmental official], do not establish the necessary causal link" and are insufficient to establish an Eighth Amendment claim. *See Kovalchuk*, 95 F.4th at 1040-41. Here, the complaint is silent as to as who ODRC Director Chambers-Smith purportedly hired in error; how those specific individuals violated plaintiff's Eighth Amendment rights; or how ODRC Director Chambers-Smith's alleged hiring, retention, or training of any specific individual resulted in deliberate indifference to the risk of harm to plaintiff or violated his constitutional rights. Plaintiff's vague and broad claims against ODRC Director Chambers-Smith do not meet the pleadings standards under *Twombly* to withstand defendants' motion to dismiss. *Id*. Accordingly, the Court recommends the complaint be dismissed as to ODRC Director Chambers-Smith.

**D. Plaintiff's claims against the remaining defendants Officer Grimm, Officer Hanes and Unit Manager Thompson should be dismissed.**

Defendant next argues plaintiff has failed to plead a plausible claim against defendants Officer Grimm, Officer Hanes and Unit Manager Thompson[6] because he alleges no personal involvement by each of these defendants. (Doc. 14 at PAGEID 54).

In response, plaintiff vaguely argues "each of the defendants have personal involvement" in the alleged misconduct he suffered. (Doc. 21 at PAGEID 79). In support of his argument, plaintiff refers to alleged misconduct by "staff" or "staff members." (*Id*.). He thereafter states he was "the target of abuse and torture by the staff, particularly Defendants Hammons and Thorpe who worked second shift." (*Id*.). He alleges he was told by "staff members" that they were "going to rape, beat, and kill him." (*Id*.). Plaintiff believes these staff members were defendants Officer Hammons[7] and Guard Thorpe. (*Id*.). However, defendants Hammons and Thorpe have never been served with process in this case, and the undersigned has recommended the complaint against these defendants be dismissed. *See* Doc. 22.

The Court need not resolve whether the conditions of which plaintiff complains are sufficient to plead deliberate indifference under the Eighth Amendment. Plaintiff's complaint is devoid of any individual allegations against remaining defendants Officer Grimm, Officer Hanes and Unit Manager Thompson under either of the two claims plaintiff asserts in his complaint.

As to claim one in his complaint, plaintiff alleges he was denied hygiene items and access

---

[6] Defendants also raise this defense as to Warden Okereke and ODRC Director Chambers-Smith. However, given that the Court has otherwise recommended the claims against them be dismissed, this Court will limit its review of defendants' argument to Officer Grimm, Officer Hanes and Unit Manager Thompson. Nonetheless, even if the Court reviewed this defense as to Warden Okereke and ODRC Director Chambers-Smith, it would also recommend their dismissal.
[7] In his response, plaintiff references Officer Hammons as "John Doe Guard Aka Big Chew." (Doc. 21 at PAGEID 79). In his complaint he names "Officer James Hammons AKA Big Chew." (Doc. 1 at PAGEID 1).

10

to basic hygiene, including showers, for two months by "defendants," "staff" and/or "prison officials." (Doc. 1 at PAGEID 3, ¶3, ¶21, ¶ 34, ¶48). Plaintiff has, however, failed to plead how each of the remaining defendants were personally involved in the alleged misconduct.

"It is well settled that a defendant cannot be held liable under 42 U.S.C. § 1983 for alleged constitutional violations absent a showing that the defendant was personally involved in some manner in the allegedly unconstitutional conduct." *Johnson v. ODRC*, No. 1:23-cv-39, 2023 WL 4084830, at *4 (S.D. Ohio June 20, 2023), *report and recommendation adopted*, 2023 WL 5275384 (S.D. Ohio Aug. 16, 2023) (citing *Williams v. Hodge*, No. 3:08-cv-387, 2009 WL 47141, at *3 (M.D. Tenn. Jan. 7, 2009)) (citing *Hardin v. Straub*, 954 F.2d 1193, 1196 (6th Cir. 1992)). "[P]laintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tolliver v. Noble*, No. 2:16-cv-1020, 2020 WL 4260950, at *3 (S.D. Ohio July 24, 2020), *report and recommendation adopted sub nom. Tolliver v. Nobel*, 2021 WL 210450 (S.D. Ohio Jan. 21, 2021) (citing *Iqbal*, 556 U.S. at 676).

Plaintiff has failed to comply with the pleading requirement asserting individual conduct by each defendant. Instead, other than references to defendants Hammons and Thorpe, he refers to various unidentified individuals in general terms, implying that they are all liable, without making a "facial[ly] plausibility [claim] . . . [that] allows the court to draw the reasonable inference that the [each] defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678) (citing *Twombly*, 550 U.S. at 556). Plaintiff's vague allegations as to who engaged in the alleged misconduct in claim one of his complaint are insufficient for this claim to survive defendants' motion to dismiss.

In plaintiff's second claim in his complaint, he alleges defendants violated their duty to provide humane conditions under the Eighth Amendment because he was the "subject of a campaign of abuse and torture by guards and other staff." (Doc. 1 at PAGEID 14, ¶51). He alleges this conduct included threats to kill and rape him, threats to his family, the urging by defendants to kill himself, and the deprivation of basic needs. (*Id.*). Plaintiff also asserts that defendant Lt. Causey solicited other "unknown guards" to create a false scenario whereby guards would use force against him and discharge "OC spray" on him. (*Id.* at ¶ 52). Plaintiff states this scenario was averted due the actions of another guard. (*Id.*). He further asserts the nature of his criminal conviction and his former employment as a police officer were provided by defendants to "unknown inmates," and he was harassed and intimidated by these inmates due to this information. (*Id.* at ¶ 53). Plaintiff alleges he attempted suicide and that the harassment and taunting continued thereafter. (*Id.* at ¶ 54). Plaintiff also asserts defendants' misconduct violated their duty to provide a safe environment for him. (*Id.* at ¶ 55).

Regardless of how deplorable this alleged conduct may appear, plaintiff's complaint suffers from the same deficiencies in his second claim as in his first claim. Other than specifically alleging conduct on the part of Lt. Causey, Guard Thorpe and Guard Hammons, who the undersigned has recommended be dismissed from this action for lack of service of process, plaintiff otherwise only references vaguely "defendants," "guards," and or "staff." As earlier analyzed, these vague statements as to unidentified individuals in general terms, implying they are all liable, without making claims as to any personal involvement is not a "facial plausibility [claim] . . . [that] allows the court to draw the reasonable inference that [any] defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

12

Paragraph 23 of the complaint is the only one that mentions Officer Grimm and Officer Hanes by name:

> Plaintiff was singled out to make his life a living hell for "what he did to his daughter, for writing up staff and just to make his life a living hell." This abuse was constant and unrelenting but particularly during second shift. Those participating in this abuse/torture include, but are not limited to, Defendant Hammons, Thorpe, Grimm and Hanes.

(Doc. 1 ¶23).

Plaintiff's allegations against defendants Grimm and Hanes fail to state a claim for relief. "It is well-settled . . . that '[v]erbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief.'" *Bates v. Dyer*, No. 1:23-cv-16, 2023 WL 4073577, at *3 (S.D. Ohio June 12, 2023) (quoting *Wingo v. Tennessee Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) (citing *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987)). Furthermore, prisoners cannot state a cause of action under the Eighth Amendment in the absence any resulting physical harm, which plaintiff has not alleged in the case at bar. *Id.* (citing *Mich. Dep't of Corrections*, 25 F. App'x 357, 359 (6th Cir. 2002) (affirming district court's dismissal where "[plaintiff's] claim that he was endangered by being labeled a snitch was unsupported by any allegation of resultant harm"); *cf. Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998) (plaintiff failed to state an Eighth Amendment claim based upon inmate threats where he alleged no physical injury); *White v. Trayser*, No. 10-cv-11397, 2011 WL 1135552, at *5 (E.D. Mich. Mar. 25, 2011) (and cases cited therein); 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."). Therefore, the complaint against these defendants should be

13

dismissed.

Nor does the complaint include any allegations showing that Unit Manager Thompson was personally involved in any of the misconduct alleged by plaintiff. This defendant should also be dismissed.

Accordingly, the Court recommends plaintiff's complaint against defendants Officer Grimm, Officer Hanes, and Unit Manager Thompson be dismissed.

### E. Plaintiff fails to state a plausible claim of retaliation against any defendant.

Defendants next argue that plaintiff fails to state a plausible claim of retaliation against any defendant. Plaintiff, however, has not included a separation cause of action for retaliation in his complaint. The only allegations related to retaliation in plaintiff's complaint are as follows:

> Defendant Lieutenant Causey at one point approached a yard officer and asked to make up a situation whereby he could justify use of force against the Plaintiff. The story was that the guards would say Plaintiff was banging his head against the wall and they would deploy OC spray. This was done in retaliation against Plaintiff for his offense behavior, his writing up staff and to make his life miserable.

(Doc. 1 at PAGEID 8, ¶ 31).

To the extent this allegation can be construed as stating a claim for retaliation, it likewise fails. The undersigned has recommended Lt. Causey be dismissed from this action for lack of service of process. Other than this reference to Lt. Causey, plaintiff only vaguely refers to "guards" who would deploy "OC" spray, without stating which remaining defendants specifically engaged in the alleged retaliatory conduct. At a minimum, if this conduct involved other defendants beyond Lt. Causey, plaintiff was required to plead such. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Further, in his response to defendants' motion to dismiss, plaintiff argues that he has provided "all the information he knows regarding [the defendants']

14

actions as it relates to retaliation against the plaintiff." (Doc. 21 at PAGEID 78). As earlier analyzed, plaintiff "cannot use discovery to bridge the gap between a deficient pleading and the possibility that a claim might survive upon further investigation." *Kovalchuk*, 95 F.4th at 1041 (citing *New Albany Tractor, Inc.*, 650 F.3d at 1051) ("[A] plaintiff may not use the discovery process to obtain the[ ] [necessary] facts after filing suit."). Accordingly, the Court recommends to the extent plaintiff's complaint can be read as stating a claim for retaliation against any of the remaining defendants, it should be dismissed.

### F. The Court need not decide whether the defendants are entitled to qualified immunity.

The Court need not reach defendants' argument that they are entitled to qualified immunity because it finds that plaintiff has failed to properly plead claims for an Eighth Amendment claim for the conditions of his confinement under 42 U.S.C. § 1983 against all remaining defendants. *Mallory v. City of Riverside*, 35 F. Supp. 3d 910, 925 (S.D. Ohio 2014) (citing *Carlson v. Conklin,* 813 F.2d 769 (6th Cir. 1987) (If the court finds no valid claim pursuant to 42 U.S.C. § 1983, the Court need not reach the issue of qualified immunity.). Accordingly, the Court will not review this argument.

### IV. CONCLUSION

Plaintiff has failed to meet the pleading requirements under *Twombly* and *Iqbal* allowing the Court to draw the reasonable inference that each of the remaining defendants is personally liable for the misconduct plaintiff alleges. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Plaintiff's hope that he can cure his deficient pleadings with discovery is an inaccurate view of pleading requirements. *See Kovalchuk*, 95 F.4th at 1041 (citing *New Albany Tractor*, 650 F.3d at 1051). Moreover, the discovery deadline in this case expired on March 1, 2024. For

the reasons stated, the Court finds defendants' motion to dismiss to be well-taken, and this action should be dismissed as to ODRC Director Chambers-Smith, Warden Okereke, Officer Donald Grimm, Officer Hanes, and Unit Manager Thompson.

**IT IS THEREFORE RECOMMENDED THAT:**

Defendants' Fed. R. Civ. P. 12(b) motion to dismiss (Doc. 14) be **GRANTED** and that plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted as to defendants ODRC Director Chambers-Smith, Warden Okereke, Officer Donald Grimm, Officer Hanes, and Unit Manager Thompson in both their individual and official capacities.

Date: 6/7/2024

Karen L. Litkovitz
Chief United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SHANNON MCDANIEL,
    Plaintiff,

vs.

ODRC-DIRECTOR ANNETTE
CHAMBERS-SMITH, et al.,
    Defendants.

Case No. 2:22-cv-3802
Marbley, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation within **FOURTEEN (14) DAYS** after being served with a copy thereof.  This period may be extended further by the Court on timely motion by either side for an extension of time.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).