# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| SHANNON MCDANIELS, | : |
| Plaintiff, | : |
| | : Case No. 2:22-cv-03802 |
| v. | : |
| | : Chief Judge Algenon L. Marbley |
| ANNETTE CHAMBERS-SMITH, *et al.*, | : |
| | : Magistrate Judge Karen L. Litkovitz |
| Defendants. | : |

## OPINION & ORDER

Before this Court are two Reports and Recommendations ("R&R" or "R&Rs") from Magistrate Judge Litkovitz, in which she recommends that: (1) this case be dismissed without prejudice as to four defendants for failure of service (ECF No. 22, the "First R&R"); and (2) (a) Defendants' motion to dismiss (ECF No. 14) be granted; and (2) (b) Plaintiff's complaint be dismissed for failure to state a claim as to the remaining defendants for various reasons (ECF No. 23, the "Second R&R"). For the reasons set forth below:

- This Court **ADOPTS** the First R&R (ECF No. 22); and
- Plaintiff's Objections to the Magistrate Judge's Second R&R (ECF No. 26) are **OVERRULED in part and SUSTAINED in part**, and accordingly, the Second R&R (ECF No. 23) is **ADOPTED in part and REJECTED in part**.
  - Specifically, the Second R&R is **ADOPTED** as to its conclusions regarding Defendants Chambers-Smith and Okereke and Plaintiff's retaliation claim—so these Defendants are **DISMISSED**—but **REJECTED** as to Plaintiff's Eighth Amendment claims against the remaining Defendants.

- The Eighth Amendment issue is **REMANDED** to the Magistrate Judge for consideration of the Eighth Amendment claims against all remaining Defendants, consistent with the above;

- Defendants' Motion to Dismiss (ECF No. 14) is **HELD IN ABEYANCE** pending this Court's adjudication of the substantive R&R resulting from this Court's remand of this matter to the Magistrate Judge;

- The parties' discovery deadline is reset for **NINETY (90) DAYS** from the date on which this Court adjudicates the substantive R&R resulting from this Court's remand of this matter to the Magistrate Judge; and

- The parties have until **FORTY-FIVE (45) DAYS** after discovery closes to file dispositive motions.

## I. BACKGROUND

This Court generally adopts the Second R&R's background (*see* ECF No. 23 at 1–2), but highlights a few key facts here for purposes of this analysis. Plaintiff alleges that, from the start of his time at the Corrections Reception Center ("CRC"), he was "in fear for his life and under constant torture by staff members and inmates at staff direction" and was "subject to abuse and neglect by the Defendants." (ECF No. 1 at ¶¶ 3, 19). Such abuse and neglect include denial of access to "basic hygiene items" including "showering, brushing his teeth, clipping his nails, and … soap to wash himself" for "two months[.]" (*Id.* at ¶ 21). He alleges this conduct constitutes "denial of the minimal civilized measure of life's necessities," and that he was never "provide[d] a written or verbal reason he was being denied the ability to clean himself" but rather that it "was done with deliberate indifference to Plaintiffs' health and safety … and with the goal of having him commit suicide." (*Id.* at ¶¶ 47–48). He further alleges that he received repeated threats of

2

rape, abuse, and murder as to both him and his family; was "constantly urged … to kill himself"; and experienced "constant and unrelenting" abuse, particularly by way of "second shift" staff. (*Id.* at ¶¶ 23, 51). After attempting to commit suicide due to the alleged torture, he was placed in a cell "covered in human feces," "given another inmate's medication causing him to suffer side effects," and prevented from sleeping for days due to light and sound interruptions by the "Defendant staff[.]" (*Id.* at ¶ 27). As a result, Plaintiff "has lost thirty pounds, suffered mental and emotional suffering[,] and was forced to live in unsafe, inhumane prison conditions." (*Id.* at ¶ 34).

## II. STANDARD OF REVIEW

This Court may dismiss a cause of action under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." Such a motion "is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F. 3d 950, 958–59 (6th Cir. 2005). This Court cannot dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle [her] to relief." *Mayer v. Mylod*, 988 F. 2d 635, 638 (6th Cir. 1993). The Complaint should also be read as a whole, even if a specific alleged fact read in isolation appears meaningless. *Doe (R.A.) v. Best W. Int'l, Inc.*, No. 2:23-cv-3459, 2024 WL 3850958, at *1 (S.D. Ohio Aug. 16, 2024) (quoting *Ricchio v. McLean*, 853 F.3d 553, 557 (1st Cir. 2017)).

When a party objects to a magistrate judge's report and recommendation, this Court must review "*de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(c). After this review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

3

### III. LAW AND ANALYSIS

#### A. Service on Defendants

Plaintiff was first notified of his shortcomings in serving the Defendants in March of 2023, when the Magistrate Judge ordered him to show cause for said shortcomings. (ECF No. 3). Plaintiff apologized for the delay, and indicated that he would file the waivers as they came in. (ECF No. 4). So, the Magistrate Judge rescinded the show cause order. (ECF No. 6). Waivers have since been executed for five of the nine Defendants—Chambers-Smith, Okereke, Grimm, Hanes, and Unit Manager Thompson—but this Court is without evidence that the other four—Causey, Hammons, Thorpe, and Megan Thompson—have been properly served. (ECF No. 22 at 2 (citing ECF No. 14 at 5–6)). Three of these Defendants—Causey, Hammons, and Thorpe—"are no longer employed with the Ohio Department of Rehabilitation and Correction." (ECF No. 14 at 5). Defendants raised this issue in their Motion to Dismiss, requesting that these four Defendants be dismissed. (*Id.* at 5–6).

In recommending that these four unserved Defendants be dismissed, the R&R explains that "Plaintiff has not shown good cause for his failure to serve" these Defendants. (ECF No. 22 at 3). In absence of such a showing, the court has the discretion to either provide a plaintiff with additional time to effect service or dismiss the action without prejudice. FED. R. CIV. P. 4(m). The R&R further noted that Plaintiff has yet to provide any explanation for the lack of service on these four Defendants despite his awareness of the defect for well over a year.

Plaintiff was advised of his rights to object to the First R&R within fourteen days and of the rights they would waive by failing to do so. (ECF No. 22 at 4). But no objections have been filed, and the time for filing such objections under Fed. R. Civ. P. 72(b) has expired. This Court has reviewed the R&R and, finding the R&R to be correct in fact and law, this Court hereby

**ADOPTS** the First R&R (ECF No. 22). As such, the following Defendants are **DISMISSED**: Causey, Hammons, Thorpe, and Megan Thompson. Having dismissed four of the nine Defendants, this Court turns to the substance of Plaintiff's claims against the five other Defendants: Chambers-Smith, Okereke, Grimm, Hanes, and Unit Manager Thompson.

For this reason, to the extent Plaintiff alleged a claim of retaliation, this Court agrees with the Second R&R that Plaintiff's only retaliation-related allegation discusses the actions of now-dismissed Defendant Causey. (*See* ECF No. 23 at 14–15). The R&R is therefore **ADOPTED** on this issue.

### B. Respondeat Superior

As to Defendants Okereke and Chambers-Smith, the Second R&R recommends that Plaintiff's claims be dismissed as improper respondeat superior assertions because he fails to show that either was "personally involved, directly participated, or 'condoned, encouraged, or knowingly acquiesced in the alleged misconduct.'" (ECF No. 22 at 6, 8). In his objections, Plaintiff effectively concedes that the ODRC director, Chambers-Smith, cannot be held liable under § 1983 for the actions of the ODRC employees, but argues that the warden of CRC, Okereke, "should have known this was happening." (ECF No. 26 at 5).

But Plaintiff does not provide sufficient factual allegations to impute onto Defendant Okereke any individual knowledge of or participation in the alleged constitutional violations. *See Taylor v. Michigan Dep't of Corr.*, 69 F.3d 76, 80–81 (6th Cir. 1995). Instead, he alleges that she was "responsible for the behavior and actions of his guards and staff during the time mentioned in the complaint." (ECF No. 1 at 8; *see also* ECF No. 1 at 14 ("The Warden is responsible for the actions of his guards.")). Combined with the conclusory assertion that she "should have known" about the allegedly problematic behavior of the other Defendants, Plaintiff falls short of his burden

5

of establishing that Defendant Okereke herself, "through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). So, as Plaintiff did not plead that Defendants Chambers-Smith and Okereke are "personally responsible for the unconstitutional actions which injured him," the claims against them cannot proceed. *Cleare v. Jenkins*, No. 2:15-CV-2295, 2017 WL 2537344, at *3 (S.D. Ohio June 12, 2017), *report and recommendation adopted*, No. 2:15-CV-2295, 2017 WL 2819878 (S.D. Ohio June 28, 2017), *order reinstated*, No. 2:15-CV-2295, 2017 WL 3314651 (S.D. Ohio Aug. 3, 2017).

### C. Eighth Amendment Claims

As the rest of the Defendants have been dismissed, the remainder of this analysis relates only to Grimm, Hanes, Unit Manager Thompson, and John Doe Guards 1–10 (collectively, the "remaining Defendants"). The R&R concluded that it "need not resolve whether the conditions of which plaintiff complains are sufficient to plead deliberate indifference under the Eighth Amendment" because "Plaintiff's complaint is devoid of any individual allegations against remaining defendants Officer Grimm, Officer Hanes and Unit Manager Thompson under either of the two claims plaintiff asserts in his complaint[.]" (ECF No. 23 at 10). Plaintiff disagrees, arguing that his complaint provides "enough facts to put the defendants on notice of what conduct [he] complains about." (ECF No. 26 at 6). Plaintiff points out the following defendant-specific allegations which, he alleges, "specifically states what they did and why it violates the Constitution[:] …

- Defendant Grimm, ¶ 13, 19-31, Doc 1, Complaint
- Defendant Hanes, ¶ 14, 19-31, Doc 1, Complaint
- Defendant Thompson, ¶ 14, 19-31, Doc 1, Complaint[.]"

6

(ECF No. 26 at 5–6). As an example, "Paragraph 23 of the complaint states with specificity that Grimm, Hanes, and Thompson participated in the abuse and torture of the Plaintiff[.]" (*Id.* at 6 (citing ECF No. 1 at 6)).

As this Court explained in the context of respondeat superior, a plaintiff must make out a "facial[ly] plausibility [claim] . . . [that] allows the court to draw the reasonable inference that the [each] defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Under § 1983, this requires showing that the defendant was personally involved in some manner in the allegedly unconstitutional conduct." *Johnson v. ODRC*, No. 1:23-cv-39, 2023 WL 4084830, at *4 (S.D. Ohio June 20, 2023), *report and recommendation adopted*, 2023 WL 5275384 (S.D. Ohio Aug. 16, 2023).

To determine whether Plaintiff sufficiently connected the remaining Defendants to the conduct that allegedly violated the Eighth Amendment, this Court starts by setting forth what said conduct includes. Plaintiff attempts to raise a claim for deprivation of hygienic conditions under the Eighth Amendment on the grounds that "[t]he prison officials denied him the ability to take a shower and wash himself[,] … the ability to brush his teeth[,] … the ability to cut his toe and fingernails or shave … for two months." (ECF No. 1 at 12; *see also* ECF No. 1 at 5 (denial of soap)). Plaintiff also alleges that, while he was on suicide watch, "[t]he cell … was covered in human feces," he "was given another inmate's medication" which led to "side effects," and that he was prevented from sleeping, as the Defendants kept the lights on and banged on his door. (*Id.* at 7). He further claims that he was denied "humane conditions of confinement" by way of the "campaign of abuse and torture by guards and other staff," including "threats to kill and rape" him, threats to his family, and encouragement to commit suicide. (*Id.* at 13–14). Hence, Plaintiff's

allegations are a far cry from "labels and conclusions, [or] a formulaic recitation of the elements of a cause of action[.]" *Twombly*, 550 U.S. at 555.

While some of Plaintiff's factual allegations refer only to now-dismissed Defendants. (*See, e.g.*, ECF No. 1 at ¶¶ 22, 23, 25, 30, 31, 37), some explicitly refer to Defendants still in this litigation (*see id.* at ¶ 23), and some are merely vague as to who was responsible for the alleged conduct (*see, e.g., id.* at ¶¶ 21, 24, 27, 28, 29). At the Rule 12(b)(6) stage, the court "must take care to read the complaint's allegations 'as a whole.'" *Sturgill v. Am. Red Cross*, No. 24-1011, 2024 WL 3886589 at *2 (6th Cir. Aug. 21, 2024) (quoting *Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 47 (2011)). And here, Plaintiff's complaint as a whole repeatedly alleges that "defendants," "staff," "staff members," "guards," and "prison officials" committed the offenses described above. (*See, e.g.*, ECF No. 1 at ¶¶ 22, 24, 27, 39, 47, 48, 51). This Court cannot conclude that such allegations are against "unidentified individuals[.]" (ECF No. 23 at 11). Given Plaintiff's incarceration, this Court therefore disagrees with the R&R's findings on this point, instead finding such assertions to allege sufficient personal involvement to potentially implicate the remaining Defendants, including John Does 1–10, all of whom are "staff," "staff members," "guards," and "prison officials."

### D. Next Steps

As mentioned, the R&R did not evaluate the substance of most of Plaintiff's Eighth Amendment claims. (*See id.* at 10). For comity's sake, this Court **REMANDS** this issue to the Magistrate Judge for consideration of the Eighth Amendment claims against all remaining Defendants, consistent with the above.

On this point, there is a discovery issue lurking under the surface. As the Second R&R notes, pursuant to the Court's most recently amended calendar order, the discovery period closed

March 1, 2024. (ECF No. 13). While Plaintiff filed a document docketed as "Motion for Extension of Time to Complete Discovery" by June 1, 2024, the Motion itself was a request to extend his response deadline for Defendants' Motion to Dismiss. (ECF No. 19 and its docket text; *see* ECF No. 23 at 7, 7 n.5). Plaintiff does not appear to have realized that he has not asked for more discovery time, as he implied in his dismissal opposition that discovery was not yet complete and noted that he had requested a June 1, 2024 extension. (*See* ECF No. 21 at 3 ("Until discovery is complete …"); ECF No. 21 at 6 (noting that "Defendants have claimed that discovery has passed" but that Plaintiff has "requested until … June 1, 2024, for discovery to be complete.")). Albeit apparently inadvertent, this Court is without such a request, and the Magistrate Judge has indicated that "the discovery deadline has passed in this case" and that "[p]laintiff cannot use discovery to bridge the gap between a deficient pleading and the possibility that a claim might survive upon further investigation." (ECF No. 23 at 7 (quoting *Kovalchuk v. City of Decherd, Tennessee*, 95 F.4th 1035, 1041 (6th Cir. 2024)).

The trial court has the power to sua sponte extend a discovery deadline. *See, e.g.*, *Myers v. City of Centerville*, No. 3:20-cv-00402, 2023 WL 195427, at *1, *5 (S.D. Ohio Jan. 17, 2023), *objections overruled*, No. 3:20-cv-402, 2023 WL 3611459 (S.D. Ohio May 24, 2023). And "[w]hether additional discovery is appropriate is a question left to the sound discretion of the district court," *Leapers, Inc. v. SMTS, LLC*, 879 F.3d 731, 741 (6th Cir. 2018), such as at the summary judgment stage, *Egerer v. Woodland Realty, Inc.*, 556 F.3d 415, 425–26 (6th Cir. 2009)). On appellate review, the Sixth Circuit "has cited approvingly other circuits' view that '[a] ... motion requesting time for additional discovery should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence.'" *Doe v. City*

9

*of Memphis*, 928 F.3d 481, 490–91 (6th Cir. 2019) (quoting *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 623 (6th Cir. 2014)).

Given what appears to be a clerical error in Plaintiff's lack of a complete request for additional discovery and given that said discovery may be helpful to Plaintiff in better connecting his allegations to the remaining Defendants, this Court finds it appropriate to exercise its discretion to reopen the discovery period. Accordingly, this Court **ORDERS** that the parties' discovery deadline is set for **NINETY (90) DAYS** from the date on which this Court adjudicates the substantive R&R resulting from this Court's remand of this matter to the Magistrate Judge. And accordingly, this Court **ORDERS** that the parties have until **FORTY-FIVE (45) DAYS** after discovery closes to file dispositive motions. That being said, barring exceptional circumstances, this Court will not consider any further discovery extensions.

## VI. CONCLUSION

Based on the foregoing analysis, this Court **ORDERS** as follows:

- The Magistrate Judge's First R&R (ECF No. 22) is **ADOPTED IN FULL**, so the following Defendants are **DISMISSED**: Causey, Hammons, Thorpe, and Megan Thompson.
- Plaintiff's Objections to the Magistrate Judge's Second R&R (ECF No. 26) are **OVERRULED in part and SUSTAINED in part**, and accordingly, the Second R&R (ECF No. 23) is **ADOPTED in part and REJECTED in part**. Specifically, the Second R&R is **ADOPTED** as to its conclusions regarding Defendants Chambers-Smith and Okereke and Plaintiff's retaliation claim—so these Defendants are **DISMISSED**—but **REJECTED** as to Plaintiff's Eighth Amendment claims against the remaining Defendants.

This Court therefore further **ORDERS** as follows:

- The Eighth Amendment issue is **REMANDED** to the Magistrate Judge for consideration of the Eighth Amendment claims against all remaining Defendants, consistent with the above;

- Defendants' Motion to Dismiss (ECF No. 14) is **HELD IN ABEYANCE** pending this Court's adjudication of the substantive R&R resulting from this Court's remand of this matter to the Magistrate Judge;

- The parties' discovery deadline is reset for **NINETY (90) DAYS** from the date on which this Court adjudicates the substantive R&R resulting from this Court's remand of this matter to the Magistrate Judge; and

- The parties have until **FOURTY-FIVE (45) DAYS** after discovery closes to file dispositive motions.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: September 5, 2024**