UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SHANNON MCDANIEL,  
    Plaintiff,

vs.

DRC-DIRECTOR ANETTE
CHAMBERS-SMITH, et al.,  
    Defendants.

Case No. 2:22-cv-3802
Marbley, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

The undersigned Magistrate Judge issued a report that recommended defendants' motion to dismiss be granted. (Doc. 23). Plaintiff objected to the Report and Recommendation (R&R), and District Judge Marbley adopted in part and rejected in part the R&R. (Doc. 27). Judge Marbley rejected the undersigned's conclusion that plaintiff's complaint failed to allege any personal involvement on the part of defendants Officer Donald Grimm, Officer Hanes, Unit Manager Thompson, and John Does 1-10 – employees of the Corrections Reception Center in Orient, Ohio – in the Eighth Amendment violations alleged by plaintiff. (*Id*. at PAGEID 120-22). Judge Marbley remanded this matter to the undersigned for consideration of plaintiff's Eighth Amendment claims against these defendants. Judge Marbley also held defendants' motion to dismiss in abeyance pending the adjudication of the substantive Report and Recommendation resulting from the remand of this matter to the Magistrate Judge. For the reasons that follow, the undersigned recommends that defendants' motion to dismiss plaintiff's Eighth Amendment claims against these defendants be denied.

**I. Background**

Plaintiff, Shannon McDaniel, is an inmate at Toledo Correctional Institution. The complaint alleges that plaintiff, a former police officer in Darke County, Ohio, pled guilty, was convicted, and was sentenced to fourteen years' imprisonment on fourteen counts of felony

sexual battery in violation of Ohio Revised Code § 2907.03.  (Doc. 1 at PAGEID 3).  In August 2020, plaintiff was an inmate at the Corrections Reception Center.  Due to his prior employment as a police officer, he was placed in the protective custody unit.  (*Id*.).  He asserts that staff members informed other inmates he was a former police officer incarcerated for sex offenses.  (*Id*.).  Plaintiff alleges during the entire two months he was housed at the Corrections Reception Center he was "in fear for his life and under constant torture by staff members and inmates at staff direction" and was "subject to abuse and neglect by the Defendants."  (Doc. 1 at PAGEID 3: ¶ 3, PAGEID 5: ¶ 19).  Such abuse and neglect included the denial of access to "basic hygiene items" including "showering, brushing his teeth, clipping his nails, and … soap to wash himself" for "two months[.]"  (*Id*. at PAGEID 5: ¶ 21).  Plaintiff alleges this conduct constitutes a "denial of the minimal civilized measure of life's necessities," and that he was never "provide[d] a written or verbal reason he was being denied the ability to clean himself" but rather that it "was done with deliberate indifference to Plaintiffs' health and safety . . . and with the goal of having him commit suicide."  (*Id*. at PAGEID 13: ¶ 47 – PAGEID 14: ¶ 48).  He further alleges that he received repeated threats of rape, abuse, and murder as to both him and his family; was "constantly urged . . . to kill himself"; and experienced "constant and unrelenting" abuse, particularly by way of "second shift" staff.  (*Id*. at PAGEID 6: ¶ 23, PAGEID 14: ¶ 51).  Plaintiff attempted to commit suicide by hanging.  He was then placed in a cell "covered in human feces," "given another inmate's medication causing him to suffer side effects," and prevented from sleeping for days due to light and sound interruptions by the "[d]efendant staff[.]"  (*Id*. at PAGEID 7: ¶ 27).  As a result, plaintiff alleges he "lost thirty pounds, suffered mental and emotional suffering[,] and was forced to live in unsafe, inhumane prison conditions."  (*Id*. at

2

PAGEID 8: ¶ 34).

**II. Standard of review**

In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations as true and make reasonable inferences in favor of the non-moving party. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). A complaint is insufficient "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). Following *Twombly* and *Iqbal*, it is well settled that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (citations omitted). Thus, under *Twombly* and *Iqbal*, "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (*Id.*). Thus, a plaintiff must establish enough "factual enhancement" to push his "claims across the line from conceivable to plausible," *Twombly*, 550 U.S. at 570, or else face dismissal of his complaint.

**III. Analysis of plaintiff's Eighth Amendment claims**

The Eighth Amendment requires prison officials "to provide humane conditions of confinement." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). However, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). Rather, "[t]he Eighth Amendment is concerned only with 'deprivations of essential food, medical care, or sanitation,' or 'other conditions intolerable for prison confinement.'" *Richmond v. Settles*, 450 F. App'x 448, 455-56 (6th Cir. 2011) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981)). Claims brought under the Eighth Amendment must satisfy both an objective and subjective component. Plaintiff must first allege objectively the unique deprivation of "the minimal civilized measure of life's necessities." *Id.* at 454 (quoting *Rhodes*, 452 U.S. at 347). He then must subjectively allege that defendants acted "wantonly," with "deliberate indifference to the plaintiff's serious needs." *Id.* at 455 (citing *Farmer*, 511 U.S. at 834).

Given Judge Marbley's conclusion that the allegations of the complaint concerning plaintiff's conditions of confinement, when viewing the complaint's allegations as a whole, sufficiently allege personal involvement to potentially implicate defendants Grimm, Hanes, Thompson, and John Does 1-10, all of whom are "staff," "staff members," "guards," and "prison officials," the undersigned reviews the allegations of the complaint to determine whether the actions alleged satisfy the objective component of the Eighth Amendment.[1]

Plaintiff's first claim for relief alleges he was denied access to showers and basic hygiene

---

[1] Judge Marbley exercised his discretion to permit the reopening of the discovery period and allow additional discovery, which "may be helpful to Plaintiff in better connecting his allegations to the remaining Defendants. . . ." (Doc. 27 at PAGEID 124).

items. Specifically, he alleges that for a period of two months, he was denied showers, soap to wash himself, and the ability to brush his teeth and clip his nails. He also alleges that after he attempted suicide, he was placed in a cell covered in human feces for three days. He alleges these conditions resulted in a weight loss of thirty pounds and mental and emotional distress. Plaintiff alleges "[t]he withholding of showers and hygiene items was done on purpose and with the goal of having him commit suicide." (Doc. 1 at PAGEID 13: ¶ 48).

Defendants contend these conditions do not rise to the level of extreme deprivations for Eighth Amendment purposes.[2] The undersigned disagrees.

As defendants acknowledge, "[c]onditions of confinement claims are highly fact-specific, but one guiding principle is that the length of exposure to the conditions is often paramount." *Lamb v. Howe*, 677 F. App'x 204, 209 (6th Cir. 2017) (citing *DeSpain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) ("In general, the severity and duration of deprivations are inversely proportional, so that minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while 'substantial deprivations of shelter, food, drinking water, and sanitation' may meet the standard despite a shorter duration.") (quoting *Johnson v. Lewis*, 217 F.3d 726, 733 (9th Cir. 2000))). *See also Hutto v. Finney*, 437 U.S. 678, 686-87 (1978) ("A filthy, overcrowded cell and a diet of 'grue' might be tolerable for a few days and intolerably cruel for weeks or months."). The complaint alleges plaintiff was denied basic hygiene items for a two-month period and plausibly states a claim for relief under the Eighth Amendment.

---

[2] Defendants do not specifically argue that plaintiff fails to allege the subjective component of an Eighth Amendment claim. Nevertheless, following Judge Marbley's Order and liberally construing the complaint, the complaint plausibly alleges defendants were deliberately indifferent to plaintiff's needs in that plaintiff was never "provide[d] a written or verbal reason he was being denied the ability to clean himself" but rather that it "was done with deliberate indifference to Plaintiffs' health and safety . . . and with the goal of having him commit suicide." (Doc. 1 at PAGEID 13: ¶¶ 47-48).

5

Plaintiff alleges he was denied soap, showers, and the ability to brush his teeth for a full two months. "[M]any courts have considered some person[al] hygiene items such as toothpaste, soap and toilet paper to be 'minimal necessities of civilized life.'" *J.P. v. Taft*, 439 F. Supp. 2d 793, 811 (S.D. Ohio 2006) (quoting *Carver v. Bunch*, 946 F.2d 451, 452 (6th Cir. 1991)). The Sixth Circuit has also recognized that "[d]ental needs fall into the category 'of serious medical needs' because '[d]ental care is one of the most important needs of inmates.'" *Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010) (quoting *McCarthy v. Place*, 313 F. App'x 810, 814 (6th Cir. 2008) (quoting *Ramos v. Lamm*, 639 F.2d 559, 576 (10th Cir. 1980))). *See also Board v. Farnham*, 394 F.3d 469, 481 (7th Cir. 2005) (denial of toothpaste to prisoners for three-and-a-half week period states a cognizable Eighth Amendment claim) (cited with approval in *Flanory*, 604 F.3d at 254). This is not a case where an inmate alleges a temporary deprivation or mere inconvenience. *See Richmond v. Settles*, 450 F. App'x 448, 455 (6th Cir. 2011) (rejecting Eighth Amendment claim where the plaintiff was denied toilet paper, soap, toothpaste, toothbrush, running water, and the ability to shower for six days); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (holding that prisoner failed to state an Eighth Amendment claim because he did not allege a complete denial of hygiene products). Rather, plaintiff alleges a complete deprivation of personal hygiene items necessary for bodily health and caring for his fundamental needs for a two-month period, which is sufficiently serious under the Eighth Amendment. In addition, plaintiff's allegations about his placement in a cell covered with human feces for three days likewise states a claim for relief under the Eighth Amendment. *See Taylor v. Larson*, 505 F. App'x 475, 477 (6th Cir. 2012) (finding that a prisoner who alleged that he was placed in a cell covered in fecal matter and forced to remain there for three days sufficiently stated a claim

under the Eighth Amendment). Defendants' motion to dismiss plaintiff's first claim for relief should be dismissed.

Plaintiff's second claim for relief alleges defendants violated their duty to provide humane conditions under the Eighth Amendment because he was the "subject of a campaign of abuse and torture by guards and other staff." (Doc. 1 at PAGEID 14: ¶51). This included the deprivations alleged above – denial of soap, showers, and toothpaste for two months and placement in a cell covered in human feces after plaintiff attempted suicide – and conduct including repeated threats of rape, abuse and murder as to both him and his family; constant urging by defendants for plaintiff to kill himself; "constant and unrelenting" abuse, particularly by way of "second shift" staff (*Id*. at PAGEID 6: ¶ 23, PAGEID 14: ¶ 51); leaking information about plaintiff's prior employment as a police officer and convictions to other inmates and encouraging those inmates to harass, threaten, and hurt plaintiff (*Id*. at PAGEID 6: ¶ 24); and being "given another inmate's medication causing him to suffer side effects" and preventing him from sleeping for days due to light and sound interruptions by the "Defendant staff" (*Id*. at PAGEID 7: ¶ 27), resulting in a weight loss of thirty pounds, mental and emotional suffering, and being "forced to live in unsafe, inhumane prison conditions" (*Id*. at PAGEID 8: ¶ 34).

Defendants allege plaintiff's allegations of intimidation and verbal or sexual harassment fail to state a claim for relief because "[h]arassing or degrading language by a prison official, while unprofessional and despicable, does not amount to a constitutional violation." (Doc. 14 at PAGEID 59) (quoting *Mallory v. Smith*, No. 3:17-cv-253, 2017 WL 3484690, at *3 (W.D. Ky. Aug. 14, 2017)) and (citing *Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) (per curiam) (in turn citing *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) ("Verbal

7

harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief.")). However, the Sixth Circuit has distinguished between cases alleging verbal harassment or idle threats from those alleging repeated, credible threats to an inmate's life which cause the inmate to fear for his life.

In *Small v. Brock*, 963 F.3d 539 (6th Cir. 2020), the Sixth Circuit held that "a prisoner states an Eighth Amendment claim by alleging that, without provocation, a prison official threatened the prisoner's life on multiple occasions and took concrete steps, such as aggressively brandishing a deadly weapon, to make those threats credible." *Id*. at 542. The inmate in *Small* alleged that the defendant's actions caused him "to seek 'treatment and counseling' for 'paranoia, mental distress, [and] psychological stress.'" *Id*. at 640. The Sixth Circuit stated:

> Based on the facts alleged in Small's complaint, Brock had no legitimate penological reason for repeatedly placing Small in fear of his life, and it is reasonable to infer that Brock knew that his conduct would cause Small psychological harm. *See Whitley v. Albers*, 475 U.S. 312, 320-21, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986); *see also Farmer v. Brennan*, 511 U.S. 825, 842, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The issue then is whether unprovoked and repeated threats to a prisoner's life, combined with a demonstrated means to immediately carry out such threats, constitute conduct so objectively serious as to be "antithetical to human dignity." *Hope v. Pelzer*, 536 U.S. 730, 745, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002).
>
> We find that such threats meet this standard. At the very least, a prisoner has "the right to be free from the terror of instant and unexpected death at the whim" of his jailors. *Burton v. Livingston*, 791 F.2d 97, 100 (8th Cir. 1986); *see also Pelfrey* [*v. Chambers*], 43 F.3d [1034] at 1037 [6th Cir. 1995)]. To that end, Brock's alleged pattern of conduct far exceeds the idle threats and verbal harassment we have previously found inadequate to trigger Eighth Amendment protection. *See, e.g., Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004). A threatened loss of life, when made credible by the aggressive brandishing of a deadly weapon, is beyond the type of "unpleasant experience" that prisoners must endure. *Id*.; *see Hudson v. McMillian*, 503 U.S. 1, 16, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) (Blackmun, J., concurring) (noting the Supreme Court's rejection of a significant physical injury requirement and using the example of death threats with a gun to illustrate an infliction of psychological suffering prohibited by the Eighth Amendment).

*Small*, 963 F.3d at 541.

In this case, the conduct plaintiff complains about exceeds mere harassing or degrading language or idle threats. Rather, plaintiff alleges defendants repeatedly told him they were going to rape, beat and kill him; constantly urged plaintiff to kill himself; and told other inmates that he was a former police officer who was imprisoned for a sex offense and singled out for "what he did to his daughter." (Doc. 1 at PAGEID 6: ¶ 23). Defendants allegedly gave the names of plaintiff's wife and child to other inmates, who "incessantly told him they would rape and kill both his wife and daughter." (*Id.* at ¶ 25). After three days, plaintiff "fashioned a tourniquet around his neck and applied pressure" in a suicide attempt. (*Id*. at PAGEID 6-7: ¶ 25). He alleges the abuse continued while he was on suicide watch in a cell covered in human feces, with the cell lights illuminated constantly, and staff and inmates banging on his cell door to prevent him from sleeping. Plaintiff alleges the "torture and abuse" occurred from August 31, 2020 until October 28, 2020, for his entire stay at the Corrections Reception Center, and as a result, he lost thirty pounds and suffered mental and emotional distress. While plaintiff does not allege that any of the defendants brandished a weapon like in *Small*, he does allege that defendants repeatedly threatened his life, targeted him for physical abuse, and advised other inmates of plaintiff's previous employment as a police officer who had been convicted of a sex offense against his daughter. *See Leary v. Livingston Cnty*., 528 F.3d 438, 442 (6th Cir. 2008) (calling an inmate a pedophile in front of other inmates puts the victim-inmate in sufficiently serious danger); *Cox v. Ross*, No. 2:24-cv-11506, 2024 WL 3071056, at *2 (E.D. Mich. June 20, 2024) ("Identifying an inmate as a pedophile, a child molester, an informant, or a "snitch" may constitute deliberate indifference to the safety of the inmate.") (citing *Comstock v. McCrary*, 273

9

F.3d 693, 699, n. 2 (6th Cir. 2001) (acknowledging that being labeled a snitch could make the inmate a target for prison attacks); *Clark v. Adams*, No. 2:22-cv-104, 2022 WL 2301952, *10 (W.D. Mich. June 27, 2022) (citing cases and finding that labeling an inmate as a pedophile could affect an inmate's safety). Plaintiff further alleges he suffered physical harm (the loss of thirty pounds) and psychological distress, and he attempted suicide as a result of the constant abuse. Plaintiff's allegations plausibly state a claim for deliberate indifference to plaintiff's health and safety in violation of the Eighth Amendment. Defendants' motion to dismiss plaintiff's second claim for relief should be dismissed.[3]

**IT IS THEREFORE RECOMMENDED THAT:**

1. Defendants' motion to dismiss (Doc. 14) be **DENIED** as to plaintiff's Eighth Amendment claims against defendants Officer Donald Grimm, Officer Hanes, Unit Manager Thompson, and John Does 1-10.

Date: 9/18/2024

Karen L. Litkovitz
Chief United States Magistrate Judge

---

[3] Defendants' arguments related to qualified immunity appear to be limited to defendants Chambers-Smith, Okereke, and Causey: "Even *assuming arguendo* that the other named Defendants conducted the acts alleged in the complaint, there are no factual allegations that Defendants Chambers-Smith, Okereke, and Causey were aware of any alleged 'campaign of abuse and torture by guards and other staff' or knew of any of the alleged underlying facts." (Doc. 14 at PAGEID 63). However, the complaint against these defendants has been dismissed. (Doc. 27). In any event, even if defendants contend that Officer Donald Grimm, Officer Hanes, Unit Manager Thompson, and John Does 1-10 are entitled to qualified immunity, these defendants would not be entitled to such immunity. As discussed above, the complaint states plausible Eighth Amendment claims against such defendants, and the law relating to the conditions of plaintiff's confinement was clearly established at the time of his incarceration at the Corrections Reception Center in August 2020. *See Lamb v. Howe*, 677 F. App'x 204 (6th Cir. 2017); *J.P. v. Taft*, 439 F. Supp. 2d 793 (S.D. Ohio 2006) (regarding plaintiff's first claim for relief). *See Small v. Brock*, 963 F.3d 539 (6th Cir. 2020) (regarding plaintiff's second claim for relief).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SHANNON MCDANIEL,
    Plaintiff,

vs.

DRC-DIRECTOR ANETTE
CHAMBERS-SMITH, et al.,
    Defendants.

Case No. 2:22-cv-3802
Marbley, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation within **FOURTEEN (14) DAYS** after being served with a copy thereof.  This period may be extended further by the Court on timely motion by either side for an extension of time.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).