IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **SHANNON MCDANIELS,** | : |
| **Plaintiff,** | : |
| v. | : Case No. 2:22-cv-03802 |
| | : Judge Algenon L. Marbley |
| **ANNETTE CHAMBERS-SMITH,** *et al.*, | : |
| **Defendants.** | : Magistrate Judge Karen L. Litkovitz |

## OPINION & ORDER

This matter is before this Court on a Report and Recommendation ("R&R") from Magistrate Judge Litkovitz recommending that this Court deny Defendants' Motion to Dismiss as to Plaintiff's Eighth Amendment claim. (ECF No. 28) For the reasons set forth below, this Court **OVERRULES** Defendants' objections (ECF No. 29), **ADOPTS** the R&R (ECF No. 28), and **DENIES** Defendants' Motion to Dismiss (ECF No. 14).

## I. BACKGROUND

Plaintiff, Shannon McDaniel, a former police officer, is currently incarcerated following his conviction in Ohio state court. (ECF No. 1 ¶ 1). From August 31, 2020, until October 28, 2020, Plaintiff was an inmate at the Corrections Reception Center ("CRC"), where he was placed in protective custody due to his prior employment as a police officer. (*Id*. ¶ 2).

According to Plaintiff, from the start of his time at the Corrections Reception Center ("CRC"), he was "in fear for his life and under constant torture by staff members and inmates at staff direction," staff members urged him to commit suicide, and he was "subject to abuse and neglect by the Defendants." (*Id*. ¶¶ 3, 5, 19, 28). He alleges that staff members disclosed to other inmates that he was a former police officer who had been convicted of sexual offenses. (*Id*. ¶¶ 4,

24). He asserts that those inmates threatened to hurt and kill him, and that staff members encouraged the threats and harassment and engaged in that behavior themselves. (*Id*. ¶ 24). Plaintiff further claims that "he was a target of abuse and torture by the staff" including by being told "that they were going to rape, beat and kill him." (*Id*. ¶ 22).

In addition to the threats against him, the alleged abuse and neglect also included being denied hygiene items, including soap, a toothbrush, toothpaste, and access to showers or nail clippers. (*Id*. ¶ 21). Plaintiff further claims that inmates were given the names and addresses of his wife and that inmates "incessantly told him they would rape and kill both his wife and daughter." (*Id*. ¶ 25). He asserts he eventually attempted suicide and was placed on suicide watch for three days in a cell allegedly covered with human feces. (*Id*. ¶ 27). He was also allegedly provided another inmate's medication that caused adverse side effects, and he was subjected to intentional sleep deprivation through interruptions of light and noise. (*Id*.). Plaintiff claims that he experienced significant weight loss and mental and emotional distress as a result of these events. (*Id*. ¶ 34).

Plaintiff filed this action under 42 U.S.C. § 1983, asserting that various officials and employees of the CRC and Toledo Correctional Facility violated his rights under the Eighth Amendment. Defendants moved to dismiss the Complaint under Fed. R. Civ. P. 12(b). They argued that Plaintiff failed to state a claim for relief, that several Defendants lacked personal involvement, and that all Defendants were entitled to qualified immunity. (ECF No. 14).

The Magistrate Judge issued the first R&R in this case recommending dismissal for failure to serve certain defendants (ECF No. 22) and a second R&R recommending dismissal for failure to state a claim (ECF No. 23). On review, this Court adopted the first R&R, dismissing Defendants Causey, Hammons, Thorpe, and Megan Thompson.(ECF No. 27 at 10). The second R&R was

adopted in part and rejected it in part (*Id.*). Specifically, this Court rejected the conclusion that Plaintiff failed to allege personal involvement by Defendants Grimm, Hanes, Thompson, and John Does 1-10, and remanded the matter to the Magistrate Judge for analysis of the Eighth Amendment claims against those Defendants. (*Id.*).

On remand, the Magistrate Judge issued a third R&R recommending denial of Defendants' Motion to Dismiss as to the claims against Grimm, Hanes, Thompson, and the John Doe Defendants. (ECF No. 28). Defendants timely filed objections to that recommendation, which are now before this Court. (ECF No. 29).

## II. STANDARD OF REVIEW

When a party objects to a Magistrate Judge's Report and Recommendation on a dispositive motion, the Court must conduct a *de novo* review of the objected-to portions. 28 U.S.C. § 636(b)(1)(A)-(C); Fed. R. Civ. P. 72(b)(3). *De novo* review requires the Court to consider the matter anew, as if no decision had been rendered, while giving appropriate regard to the Magistrate Judge's reasoning. *United States v. Raddatz*, 447 U.S. 667, 676 (1980) (citing *Mathews v. Weber*, 423 U.S. 261, 275 (1976)). The Court may accept, reject, or modify the Magistrate Judge's recommendations, receive further evidence, or recommit the matter for additional proceedings. 28 U.S.C. § 636(b)(1)(C).

The objections themselves guide the scope of this review. *Howard v. Sec'y of HHS*, 932 F.2d 505, 509 (6th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). Only those portions of the R&R that are properly objected to require *de novo* consideration. *Id.* (holding that "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object" and requiring the parties to at least "explain [] the source of the error"). To warrant *de novo review*, objections must be specific enough to "identify the portions of the magistrate's

3

recommendation to which objection is made and the basis for the objection," in other words, to "specify the issues of contention". *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Before this Court is a R&R recommending this Court deny a motion to dismiss under Fed. R. Civ. P. 12(b)(6). In evaluating such a motion, a court must accept as true all well-pleaded factual allegations in the complaint and construe them in the light most favorable to the non-moving party. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The court does not weigh evidence or resolve factual disputes at this stage; rather, the question is whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 663, 678. A claim is plausible when the "plaintiff pleads factual content [detailed enough] that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### III. LAW AND ANALYSIS

The Magistrate Judge recommended that the motion to dismiss be denied as to Plaintiff's Eighth Amendment claims against Defendants Officer Donald Grimm, Officer Hanes, Unit Manager Thompson, and John Does 1-10. (ECF No. 28). The Eighth Amendment prohibits cruel and unusual punishment. *See* U.S. Const. amend. VIII. This prohibition extends to conditions of confinement in prisons. "The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Helling v. McKinney*, 509 U.S. 25, 31 (1993)). Although the Constitution "does not mandate comfortable prisons," it forbids inhumane ones. *Id.* (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349-50 (1981)).

To state a claim under the Eighth Amendment based on conditions of confinement, an inmate must satisfy both an objective and a subjective component. *Farmer*, 511 U.S. at 834. First,

the objective component requires an inmate to demonstrate that the alleged deprivation is "sufficiently serious," meaning that the conditions deny "the minimal civilized measure of life's necessities." *Id.*; *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (holding that deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation). Such necessities include food, clothing, shelter, medical care, and "reasonable measures to guarantee the safety of the inmates." *Farmer*, 511 U.S. at 832-33. Prolonged deprivation of basic hygiene and confinement in unsanitary conditions may constitute sufficiently serious deprivations. *See Flanory v. Bonn*, 604 F.3d 249, 254-56 (6th Cir. 2010); *Taylor v. Larson*, 505 F. App'x 475, 477 (6th Cir. 2012).

Then, the subjective component requires that an inmate also show that the prison official had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. In the prison-conditions context, this means the prison officials acted with "deliberate indifference" to the inmate's health or safety:

> The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial "risk of serious damage to his future health," and it does not matter whether the risk comes from a single source or multiple sources, any more than it matters whether a prisoner faces an excessive risk of attack for reasons personal to him or because all prisoners in his situation face such a risk.

*Farmer*, 511 U.S. at 843 (citations omitted). Deliberate indifference is more blameworthy than negligence; it requires that the official knew of and disregarded an excessive risk to inmate health or safety. *Farmer*, 511 U.S. at 828–29. This knowledge may be proven by circumstantial evidence, including the obviousness of the risk. *Id.* at 842; *see also Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001).

5

### A. Personal Involvement

Defendants object to the Magistrate Judge's recommendation to deny the motion to dismiss and argue that Plaintiff fails to provide sufficient factual allegations to impute individual knowledge of or specific participation in the alleged constitutional violations to the remaining Defendants. (ECF No. 29 at 6). They reiterate their position that the Complaint does not plausibly allege their personal involvement. Specifically, Defendants argue that Plaintiff's allegations refer generally to "staff," "guards," etc. rather than tying specific conduct to Grimm, Hanes, Thompson, or the John Doe officers, and that such group pleading is insufficient to state a claim under § 1983. (ECF No. 29 at 3).

Liability under § 1983 is personal, and a plaintiff must allege that each defendant, through his or her own actions, violated the Constitution. *Iqbal*, 556 U.S. at 676; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). However, Fed. R. Civ. P. 8(a)(1)-(2) requires only a "short and plain statement" showing entitlement to relief and at the pleading stage, courts must draw reasonable inferences in the plaintiff's favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (holding that specific facts are *not* necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests).

The Sixth Circuit has confirmed that plaintiffs are not required to provide evidentiary detail of each defendant's acts at the Rule 12(b)(6) stage, so long as the complaint provides fair notice of the claims. *See Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016) (citations omitted) ("On the merits, to establish personal liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right[.]"); *see also Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004).

In its prior order, this Court determined that Plaintiff sufficiently alleged personal involvement by Grimm, Hanes, Thompson, and the Doe Defendants. (ECF No. 27). Accordingly, the only remaining question is whether Plaintiff has adequately stated Eighth Amendment claims against these Defendants. (*Id*. at 8; ECF No. 28 at 1).

**B. Whether Plaintiff Has Alleged a Sufficiently Serious Deprivation (Objective Prong)**

Defendants further object to the Magistrate Judge's finding that Plaintiff met the objective prong of the Eighth Amendment analysis. Defendants contend that Plaintiff has not alleged conditions of confinement that rise to the level of a constitutional violation. (ECF No. 29 at 7).

To state a viable claim under the Eighth Amendment, a prisoner must allege that the deprivation at issue was "objectively, sufficiently serious," meaning that it denied him "the minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 828-29. While the Constitution does not guarantee comfortable prisons, it does forbid inhumane ones. As the Supreme Court made clear in *Farmer*, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.*

The Sixth Circuit has recognized that hygiene is a basic human need. In *Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir. 2010), the court examined this issue and held that denial of toothpaste could state an Eighth Amendment violation due to the substantial risk of dental disease and harm from prolonged deprivation. ("Indeed, [it is a] cognizable Eighth Amendment claims where, as here, inmates have been denied toothpaste."). Likewise, the neighboring Seventh Circuit in *Board v. Farnham*, 394 F.3d 469, 480-81, 485 (7th Cir. 2005), found that denial of toothpaste and refusal to provide an asthma inhaler could constitute sufficiently serious conditions of confinement. The court noted that while denial of toothpaste for ten days might not be sufficient to state an Eighth Amendment claim, other circuits have recognized the right to an adequate supply of toothpaste as part of the right to hygienic materials. *Id.* at 482. The court further explained that the right to

7

toothpaste as an essential hygienic product is analogous to the established right to a nutritionally adequate diet. *Id.* at 482-83.

Moreover, confinement in unsanitary conditions, particularly those involving human waste, has repeatedly been held unconstitutional. The Sixth Circuit in *Taylor v. Larson* held that placement in a feces-smeared cell violated the Eighth Amendment:

> [W]e conclude that [Plaintiff] has stated a claim for an Eighth Amendment violation with regard to his allegations that he was placed in a cell under unsanitary conditions and held there for three days. […]
>
> [Plaintiff] has satisfied the first element by alleging that he was "placed in a cell covered in fecal matter[] (fresh fecal matter)." We think placing a prisoner in a cell covered with fecal matter […] "falls below the standard of decency that inheres in the Eighth Amendment."

*Taylor v. Larson*, 505 F. App'x 475, 477 (6th Cir. 2012).

In this case, Plaintiff alleges that for two months and without a valid justification he "was denied access to showers and basic hygiene items[,] includ[ing] showering, brushing his teeth, clipping his nails, and being provided soap to wash himself" (ECF No. 1 ¶ 21). He further asserts that he was threatened with injury or death (*Id*. ¶ 22), that staff "urged" him to kill himself (*Id*. ¶ 24), and that after his suicide attempt, he was placed on suicide watch in a cell "covered in human feces" where unidentified defendants kept the lights on and "bang[ed] on his door keeping him from sleeping." (*Id*. ¶¶ 27, 47-48, 51, 53, 55).

Even setting aside the threats and harassment, the allegations that Plaintiff was housed for three days in a cell covered in feces and was denied all hygiene for two months describe conditions far more extreme than the temporary inconveniences Defendants suggest. At the motion-to-dismiss stage, these allegations must be accepted as true. Construed in that light, Plaintiff has alleged

8

deprivations sufficiently serious to meet the objective prong of an Eighth Amendment conditions-of-confinement claim.

Defendants also argue that the conditions Plaintiff experienced merely reflect the "unfortunate reality of a former police officer who was convicted of child sex crimes." (ECF No. 29 at 7). While this Court does not minimize the reality that inmates with certain backgrounds may face hostility from others, the Supreme Court has made clear that "the Constitution does not mandate comfortable prisons" but does forbid conditions that fall below "the minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 834. Prison officials are not free to acquiesce in that hostility or to exacerbate the dangers; rather, they have an affirmative duty to ensure that prisoners receive basic hygiene and are not exposed to inhumane conditions. *See Flanory v. Bonn*, 604 F.3d 249, 254-56 (6th Cir. 2010); *Taylor v. Larson*, 505 F. App'x 475, 477-78 (6th Cir. 2012).

Accordingly, this Court rejects Defendants' characterization and objections, and finds that Plaintiff has alleged conditions sufficient to meet objective prong of the Eighth Amendment analysis.

### C. Whether Plaintiff Has Alleged Deliberate Indifference (Subjective Prong)

Defendants also argue that Plaintiff has failed to satisfy the subjective component of the Eighth Amendment standard, which requires a showing of deliberate indifference to inmate health or safety. (ECF No. 29 at 7). They maintain that the Complaint contains no facts demonstrating that Grimm, Hanes, Thompson, or the Doe officers personally knew of and disregarded a substantial risk of serious harm. (*Id.*).

Deliberate indifference exists where "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. To establish deliberate indifference under the Eighth Amendment, a

prisoner need not prove that officials intended actual harm, only that they knew of and disregarded a substantial risk of serious harm. Such a knowledge that may be shown by circumstantial evidence, including the obviousness or long-standing, well-documented nature of the risk. *Farmer*, 511 U.S. at 842-44; *see also Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001).

Here, Plaintiff alleges that correctional staff themselves created the risks by: (1) withholding hygiene items for two months without explanation (ECF No. 1 ¶ 21); (2) placing him in a cell covered with human feces after a suicide attempt (*Id.* ¶ 27); (3) intentionally depriving him of sleep by banging on his cell door and keeping lights on (*Id.*); (4) sharing his family's identifying information with other inmates (*Id.* ¶ 25); (5) identifying him to other inmates as a former police officer and sex offender (*Id.* ¶ 53); and (6) "urging" him to kill himself (*Id.* ¶ 24). The alleged harms—including two months without hygiene, confinement in a feces-covered cell, sleep deprivation, psychological torment, and significant weight loss—were certainly not *de minimis*. *See Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (rejecting a "significant injury" requirement for Eighth Amendment claims).

Accepting Plaintiff's allegations as true, this Court finds that he has sufficiently alleged that Defendants acted with deliberate indifference to his health and safety. Plaintiff's detailed claims regarding threats, abuse, and denial of basic necessities are adequate to satisfy the subjective prong of an Eighth Amendment conditions-of-confinement claim.

### D. Immunity

Defendants also object to the Magistrate Judge's conclusion that their qualified immunity arguments fail and raise a concern regarding this Court's jurisdiction over Defendant Thompson due to her employment at Toledo Correctional Institution, which is located in the Northern District of Ohio. (ECF No. 29 at 3).

Qualified immunity shields government officials from liability for civil damages unless their conduct violated a constitutional right that was clearly established at the time. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). A right is "clearly established" if, at the time of the alleged violation, its contours were sufficiently clear that every reasonable official would understand that what he is doing violates that right. *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). The constitutional question in this case falls far short of that threshold. *Id.*

By 2020, the law in this Circuit clearly established that depriving inmates of basic hygiene for prolonged periods and housing them in cells contaminated with human waste violated the Eighth Amendment. *See Flanory v. Bonn*, 604 F.3d 249, 254-56 (6th Cir. 2010) (prolonged denial of toothpaste actionable); *Taylor v. Larson*, 505 F. App'x 475, 477 (6th Cir. 2012) (placement in feces-smeared cell states an Eighth Amendment violation); *Bellamy v. Bradley*, 729 F.2d 416, 420 (6th Cir. 1984) (officials must provide the minimal civilized measure of life's necessities and avoid "the wanton and unnecessary infliction of pain"). Moreover, the Supreme Court has emphasized that obvious cruelty may itself provide fair warning that conduct is unconstitutional. *Hope v. Pelzer*, 536 U.S. 730, 741 (2002).

Plaintiff's allegations, if true, describe conduct so plainly in violation of the Eighth Amendment that no reasonable officer could have believed it was lawful. *See Erickson v. Gogebic Cty.*, 133 F.4th 703, 707-08 (6th Cir. 2025) (qualified immunity unavailable where conduct so obviously violated the Constitution that no reasonable officer could believe it lawful); *see also Rafferty v. Trumbull Cty.*, 915 F.3d 1087, 1097 (6th Cir. 2019) (denying immunity where rights to adequate conditions were clearly established).

Accordingly, the Court concludes that Defendants Grimm, Hanes, Thompson, and the John Doe officers are not entitled to qualified immunity.

As to Defendant Thompson, her employment at Toledo Correctional Institution, located in the Northern District of Ohio, does not warrant dismissal at the Rule 12(b)(6) stage. The Complaint alleges her personal involvement in events tied to Plaintiff's confinement at CRC (ECF No. 2 ¶¶ 14, 19-31). Under 28 U.S.C. § 1391(b)(2), venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." Because Plaintiff alleges that Thompson's actions, decisions, and omissions contributed to events at CRC in Pickaway County (thus, within the Southern District of Ohio) venue is proper here. Questions regarding Thompson's employment location do not undermine the plausibility of Plaintiff's claims against her.

Accordingly, the Court concludes that Defendants Grimm, Hanes, Thompson, and the John Doe officers are not entitled to dismissal under Rule 12(b)(6) based on qualified immunity, and Plaintiff's claims against Thompson are properly venued in this District.

## IV. CONCLUSION

For the reasons set forth above, the Court **OVERRULES** Defendants' Objections (ECF No. 29), **ADOPTS** the Report and Recommendation of the Magistrate Judge (ECF No. 28), and **DENIES** the Motion to Dismiss filed by Defendants Officer Donald Grimm, Officer Hanes, Unit Manager Megan Thompson, and John Doe Guards 1-10 (ECF No. 14).

This case shall proceed on Plaintiff's Eighth Amendment claims against Defendants Grimm, Hanes, Thompson, and the John Doe officers.

**IT IS SO ORDERED.**

                                                    **ALGENON L. MARBLEY**
                                                    **UNITED STATES DISTRICT JUDGE**

**DATED: September 10, 2025**